UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA



DANIEL FOSTER,

    Plaintiff,

v.

AMAZON WEB SERVICES, INC.

    Defendant.

Civil Action No.: 1:16-cv-983 CMH/IDD

COMPLAINT AND JURY DEMAND

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff, DANIEL FOSTER ("Plaintiff"), brings this complaint in the United States District Court for the Eastern District of Virginia against AMAZON WEB SERVICES, INC. ("Defendant"), alleging as follows:

### PARTIES

1. Plaintiff is is a United States citizen and internationally-recognized photographer and entrepreneur who currently resides in Berlin, Germany.

2. On information and belief, Defendant is a corporation existing under the laws of the State of Delaware, with headquarters in Seattle, Washington. Defendant is a computing platform provided by Amazon.com, and provides a variety of online services including: storage and content delivery, networking, enterprise analytics, mobile services, developer tools,



application services, and game development. Defendant is currently the world's most comprehensive, widely adopted cloud service provider.

## JURISDICTION AND VENUE

3. This is a civil action seeking damages for copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

4. This Court has jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright).

5. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b), in that a substantial part of the acts of infringement complained of herein occurred in this District. Defendant maintains the majority of the company's data centers in the Northern Virginia region, including multiple facilities in Sterling, Ashburn, Manassas, and Chantilly, respectively.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

6. Plaintiff is a talented, experienced commercial photographer and entrepreneur. His photographs, particularly those of architectural details, are displayed and licensed worldwide on his Flickr website, https://www.flickr.com/photos/danielfoster/.

7. On his Flickr website, Plaintiff posted the following text directly below all individual photographs: "Some rights reserved," with a link to the following text (Exhibit A):

> Attribution — You must give **appropriate credit**, provide a link to the license, and **indicate if changes were made**. You may do so in

any reasonable manner, but not in any way that suggests the licensor endorses you or your use; **NonCommercial** — You may not use the material for **commercial purposes**; ShareAlike — If you remix, transform, or build upon the material, you must distribute your contributions under the **same license** as the original.

8. On his Flickr website, Plaintiff also has posted the following text directly below all individual photographs (Exhibit B):

    As a reminder, keep in mind that this picture is available only for non-commercial use and that visible attribution is required. If you'd like to use this photo outside these terms, please contact me ahead of time to arrange for a paid license.

9. Plaintiff captured the photograph titled "Foundation Construction" ("Copyrighted Photograph") (Exhibit C) on July 24, 2013. The Copyrighted Photograph was first published on his Flickr website on July 29, 2013.

10. Plaintiff registered the Copyrighted Photograph on September 20, 2013 (VA 1-882-867).

11. Beginning on or around December 2013, Defendant copied and posted the Copyrighted Photograph on their company website, www.aws.amazon.com/summits. Defendant included the Copyrighted Photograph as part of the advertising material for the 2014 Amazon Web Services ("AWS") Summits Series, as well as visual and printed material distributed at the respective cities throughout the world included in the 2014 AWS Summits Series, held in thirty (30) cities worldwide. A partial list of host cities include: Washington, D.C., New York City, Chicago, Atlanta, Boston, Buenos Aires, Mexico City, Rio de Janeiro, Berlin, Milan, Paris, Tel Aviv, Frankfurt, Sydney, Auckland, Beijing, among others.

12. Beginning on or around December 2013, Defendant copied and posted the Copyrighted Photograph on the website, www.slideshare.net/AmazonWebServices, which made available the Copyrighted Photograph to an estimated seventy (70) million users of the Slideshare file sharing service.

13. Beginning on or around December 2013, Defendant copied and posted the Copyrighted Photograph on YouTube as part of a video series highlighting the 2014 AWS Summit Series, https://www.youtube.com/watch?v=Adc9nvnigko.

14. As of July 3, 2016, despite numerous notices to remove the Copyrighted Photograph from all online and printed material containing the Copyrighted Photograph, Defendant continued to use the Copyrighted Photograph without the express permission of the Plaintiff. These locations include: http://www.slideshare.net/AmazonWebServices/hybrid-operational-models-for-enterprise-nick-walton (Exhibit D, page 41), and http://docplayer.fr/3108792-Comment-demarrer-son-cloud-hybrid-avec-amazon-web-services.html (Exhibit E, page 16).

15. In 2015, Defendant reached $10 billion in annual net sales, with over one million customers. Defendant's sales increased 69% in 2013, 49% in 2014, and 70% in 2015.

16. Defendant's annual Summit Series, started in 2011, is specifically designed to increase the company's brand exposure throughout the world. According the Defendant's online material, the Summit Series (now called the Global Summit Series) events, ". . . are designed to educate new customers about the AWS platform and offer existing customers deep technical content to be more successful with AWS." In addition to acting as a global marketing tool, the Defendant charges up to $65,000.00 USD to sponsor an individual Summit Series event.

17. Over the span of more than one year, Plaintiff has attempted in numerous instances to settle the current matter at issue with Defendant. Despite these attempts, Defendant has refused to acknowledge the substantial scope of the matter, as well as the corresponding damages suffered by the Plaintiff as a result of their considerable infringement. Furthermore, Defendant has refused to completely remove the Copyrighted Photograph from their online and printed material containing the Copyrighted Photograph, despite incontrovertible evidence Defendant is violating Federal Copyright law.

## **COUNT I**

## **INFRINGEMENT OF COPYRIGHT PURSUANT TO 17 U.S.C. §101 ET SEQ.**

18. Plaintiff incorporates herein by this reference each and every allegation contained within "Factual Allegations Common to All Claims" section, listed above.

19. Plaintiff is, and at all relevant times has been, the copyright owner or licensee of exclusive rights under United States copyright with respect to Copyrighted Photograph, of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights (Exhibit F). The date of registration for Copyrighted Photograph is within three months of the initial publication of the work on Plaintiff's Flickr account: https://www.flickr.com/photos/danielfoster/9390795675/in/photolist-fiQhog-fj5vh7-fiPfxx-fiQgMe.

20. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Photograph and to distribute the Copyrighted Photograph to the public.

21. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, posted the Copyrighted Photograph on Defendant's public website, www.aws.amazon.com/summits, and in corresponding printed material distributed on site as part of the 2014 AWS Summits Series. Plaintiff is informed and believes that Defendant continues to post the Copyrighted Photograph on Defendant's public website. In doing so, Defendant violated and continues to violate Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright.

22. Plaintiff is informed and believes that the foregoing act of infringement was willful and intentional, in disregard of and with indifference to the rights of Plaintiff.

23. As a result of Defendant's infringement of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of the Copyrighted Photograph. Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II

## CONTRIBUTORY INFRINGEMENT

24. Plaintiff incorporates herein by this reference each and every allegation contained within "Factual Allegations Common to All Claims" section, listed above.

25. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, knowingly induced, caused, and materially contributed to copyright infringement by posting the Copyrighted Photograph on a website specifically designed to disseminate

written and visual information, namely: www.slideshare.net/AmazonWebServices. Slideshare downloads are accessible to seventy (70) million users worldwide.

26. Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, had knowledge or reason to know of such contributory infringement.

27. As a result of Defendant's actions, Plaintiff is entitled to actual damages or such other and further relief as is just and proper. Plaintiff is further entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 1203(b)(5).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Defendant's unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act;

B. Immediately and permanently enjoining Defendant, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and republishing Plaintiff's Copyrighted Photograph without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. Ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyright or such damages as are proper, and since Defendant intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

D. Awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial;

E. Awarding Plaintiff his costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505, 17 U.S.C. § 1203(b)(3), and § 1203(b)(5); and

F. Awarding Plaintiff such other and further relief as is just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which there is a right to jury trial.

Dated: July 25, 2016

_____
David C. Deal (VA Bar No.: 86005)
The Law Office of David C. Deal, P.L.C.
P.O. Box 1042
Crozet, VA 22932
434-233-2727, Telephone
888-965-8083, Facsimile
*Attorney for Plaintiff*